UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CATHY AREU,                                    :

               Plaintiff,             :     ORDER

   -v.-                                        :
                                                      20 Civ. 8678 (RA) (GWG)
FOX NEWS NETWORK, LLC, et al.,                 :

               Defendants.             :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     This case was previously part of the claims made in Eckhart v. Fox News Network, LLC, et al., 20 Civ. 5593, and was later severed. See Order, filed October 16, 2020 in Eckhart (Docket # 81 of 20 Civ. 5593). Prior to the severance, in August 2020, Judge Abrams issued a stay of discovery. See Transcript of Proceedings of August 28, 2020, filed September 11, 2020 in Eckhart (Docket # 40 of 20 Civ. 5593), at 17-18.

     On January 28, 2021, the plaintiff in Eckhart sought to lift the stay of discovery. See Letter from Michael J. Willemin, filed January 28, 2021 in Eckhart (Docket # 138 of 20 Civ. 5593). On March 8, 2021, the plaintiff is this case, Cathy Areu, applied for an order granting "parity with respect to any relief granted" in Eckhart. (See Docket # 38, at 1). The Court ordered that "[a]ny party seeking to stay discovery pending disposition of a motion to dismiss shall file a motion for a stay of discovery." Memo Endorsement, filed March 15, 2021 (Docket # 41), at 2. Defendants Fox News Network, LLC, Tucker Carlson, Sean Hannity, and Howard Kurtz (the "Fox Defendants"), thereafter filed a letter seeking to have the August 2020 stay of discovery continue until resolution of their motion to dismiss (Docket # 3) and motion for sanctions (Docket # 13). (See Docket # 43, at 1).

     A few weeks later, in Eckhart, we granted defendant Fox News Network, LLC's request to continue the stay of discovery in Eckhart. See Transcript of Proceedings of April 20, 2021, filed April 23, 2021 in Eckhart (Docket # 148 of 20 Civ. 5593), at 23. Shortly thereafter, Areu filed a letter arguing that the stay of discovery should be lifted as to document discovery in this case, notwithstanding the ruling in Eckhart. (See Docket # 44, at 2) ("Pl. Let."). Defendant Ed Henry supports lifting the stay in order to allow the "parties [to] commence some discovery, limited to the exchange of documents, pending a decision on the motions to dismiss." (See Docket # 45, at 1) ("Henry Let."). The Fox Defendants filed a letter in reply (Docket # 46) in further support of their request that the stay continue.

     In determining whether a stay of discovery should be granted or continue, "[c]ourts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the

strength of the motion." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (punctuation omitted).

As to the strength of the motion, we have reviewed the parties' motion papers and conclude that the Fox Defendants have made "substantial arguments for dismissal." Hong Leong Fin. Ltd., 297 F.R.D. at 72 (punctuation omitted).

As to the breadth of discovery, Areu argues that document discovery would not be burdensome because the Fox Defendants have already "conducted a series of internal, company-wide investigations with respect to Eckhart's claims against identical defendants," and therefore have "likely already combed through all of the documents related to these individual[s] with an eye toward any claims or defenses related to sexual harassment and hostile work environment claims." Pl. Let. at 4. However, while the Fox Defendants may have already gathered some relevant documents, they would still bear an additional significant burden in producing them because the documents would have to reviewed by attorneys for purposes of their production in discovery. See O'Sullivan v. Deutsche Bank AG, 2018 WL 1989585, at *8 (S.D.N.Y. Apr. 26, 2018) (even if document discovery was limited to documents already "produced in connection with earlier investigations . . . , this does not obviate the need for the defendants or third parties to review these documents prior to production to plaintiffs").

Finally, Areu and Henry claim they will be prejudiced because their reputations have been harmed by the events surrounding this litigation, and both want to "clear their names." See Pl. Let. at 4; Henry Let. at 4-5. While reputational harm is a factor to be considered in weighing prejudice, the more compelling circumstances that justify a finding of prejudice — such as the ill-health of witnesses or loss of documents — are not alleged here. Additionally, Henry has offered to "exchange documents and information requests prior to the Court's ruling on the dispositive motions." Henry Let. at 2. Should Areu and Henry agree to do so, it would lessen any prejudice imposed by the continuation of the stay.

Having considered the three factors, the Court concludes that the stay should continue pending the resolution of the Fox Defendants' motion to dismiss (Docket # 3).

SO ORDERED.

Dated: July 6, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge